CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
OCT 04 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| SCARLETT F. RICCI, | ) | CASE NO. 4:04CV00095 |
| Plaintiff | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's July 3, 2002 claim for a period of disability, and disability insurance income under Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. For the reasons that follow, the undersigned RECOMMENDS that an order enter REVERSING the Commissioner's final decision, but, for good cause shown, REMANDING the case for further proceedings.

In a decision dated December 15, 2003, which was adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff met the special earnings requirements of the Act on the alleged date of disability onset and continued to meet them through the date of his decision. (R. 23.) He further found that plaintiff suffered severe impairments, which he described in his decision as "diverticulosis and high blood pressure" (R.

1

24.) He also determined that plaintiff suffered dizziness, back impairment, and respiratory impairment which were "non severe and do not impose more than a minimal effect on her functional capabilities." (R. 24-25.) The Law Judge found that none of plaintiff's impairments, "either singly or in combination, meet or equal the criteria in any of the impairments listed in Appendix 1, Subpart P of the Regulations." While he further found that plaintiff was precluded from performing her past relevant work as sitter/companion or hotel housekeeper, the Law Judge was of the view that plaintiff could perform a full range of light work. (R. 27-28.) By application of the Medical-Vocational Guidelines ("grids"), the Law Judge was compelled to find that jobs were available to a person with plaintiff's limitations. Accordingly, he concluded that plaintiff was not disabled under the Act[1].

While the case was on administrative appeal to the Appeals Council, plaintiff submitted additional evidence in the form of a psychological assessment. (R. 210-214.) In a decision dated August 27, 2004, and with no mention of the additional evidence, the Appeals Council denied the request for review of the Law Judge's decision because it found no reason to do so under the rules. (R. 11-13.) In a letter dated September 7, 2004, counsel for the plaintiff urged the Appeals Council to reopen and consider the new evidence which had been submitted, pointing out the significance of the evidence in satisfying the requirements of a listed impairment under 20 C.F.R. §§ 414.1525 and 416.925, Appendix 1, § 12.05. (R. 9-10.) On November 26, 2004, the Appeals Council again denied plaintiff's request for review, finding "no reason" to do so and explaining its reasons as follows:

---

[1] A vocational expert (VE) was appeared at the hearing but did not testify.

2

Although the psychological assessment you obtained post-hearing contained IQ scores of Verbal 62, Performance 62 and Full Scale 59, the claimant's occupational history does not suggest mental retardation The record reflects that the claimant has demonstrated a longitudinal history of higher functioning. (R. 7.)

The chief issue struck on the record of this case is whether the Appeals Council failed to discharge its duty to fully and fairly consider the evidence offered for the first time on administrative appeal. *Riley v. Apfel*, 88 F. Supp. 2d 572 (W.D. Va. 2000). In *Riley*, the court essentially held that new evidence presented to the Appeals Council may provide a basis for a reviewing court either to reverse the agency decision or remand the case for further proceedings. Where the Council fails to make specific findings of fact regarding that evidence, and where the evidence does not otherwise compel a court to enter judgment in favor of the claimant as a matter of law on the record before it, thus rendering the purpose of remand unnecessary, then, the better practice is for a reviewing court to remand the case for further proceedings in order to give the Commissioner an opportunity to make findings of fact which, then, can be meaningfully assessed under 42 U.S.C. § 405(g). *Id.* That is the case here.

Plaintiff clearly established a *prima facie* case of disability by demonstrating that she suffers severe impairments which render her unable to perform her past relevant work. The burden then shifted to the Commissioner to demonstrate that jobs were available to her, given her residual functional capacity (RFC). The Commissioner could discharge this burden only by reference to vocational evidence if the evidence showed that plaintiff suffered any non-exertional limitations. 20 C.F.R. §§ 414.1569 and 416.969, Appendix 2, § 200.00(e); *Hall v. Hanis,* 658 F.2d 260 (4th Cir. 1981). Otherwise, the Commissioner could rely on the grids to discharge her burden.

Here, the Law Judge did not make a specific finding that plaintiff was unable to perform

3

her past relevant work. However, by applying the grids, the Law Judge signaled he had proceeded to the final stage of the sequential evaluation and that plaintiff suffered no non-exertional limitations on her ability to perform work-related activity. By the same token, the Law Judge specifically had concluded that plaintiff did not suffer the dizziness and drowsiness she claimed to suffer as the result of medications for two reasons, namely: a) some of the medications prescribed were designed to countervail those symptoms; and b) plaintiff's claims of dizziness and drowsiness were belied by her daily activities. (R. 27). Assuming that these findings are supported by substantial evidence, there would be, at least, an argument for the propriety of applying the grids in lieu of taking vocational evidence.[2]

The evidence offered on administrative appeal calls into question whether the Commissioner can rely on the grids, irrespective of whether the Law Judge's extant findings are substantially supported in the record. This is so because the new evidence presents IQ scores which tend to establish that plaintiff's intellectual functioning meets or equals the requirements of a listed impairment. 20 C.F.R. §§ 414.1525 and 416.925, Appendix 1, § 12.05C. The Council's laconic treatment and dismissal of this evidence falls short of the kind of full explanation of their relevance and effect on the outcome of the case envisioned by *Riley*[3].

It is the undersigned's view that good cause has been shown to remand this case for further proceedings. It is RECOMMENDED that an order enter REVERSING the Commissioner's final decision denying benefits, and REMANDING the case for further proceedings. These proceedings

---

[2] The undesigned notes that the record shows, and the Law Judge found, that plaintiff was illiterate.(R. 29, Finding 9.) Though certainly a non-exertional limitation, a claimant's literacy level is factored into the matrix of the grids. 20 C.F.R. §§ 404.1569 and 416.969, Appendix 2, § 202.16.

[3] Plaintiff raises a number of points in her brief concerning the Commissioner's assessment of her mental and intellectual status, all of which can be addressed by the Commissioner when she reassesses this and any other evidence that may be offered on remand.

4

should include reassessing whether plaintiff's intellectual function meets or equals any listed impairment and, if not, an assessment at the final sequential level concerning whether there are alternate light or sedentary jobs available to a person like plaintiff, in the national economy. The remand order should provide that, in the event the Commissioner cannot decide these issues on the extant record, she is to recommit the case to a Law Judge to conduct supplemental evidentiary proceedings at which both sides may introduce additional evidence.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

10/4/05
Date

5